UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                    Civil No. 01-cv-325-JD

Land and Buildings Located
at 6 Fox Street, Windham,
New Hampshire, et al.


O R D E R

    The government moved for summary judgment as to the defendants-in-rem in this forfeiture action.  Claimant Timothy Bishop filed a partial objection to the motion on the ground that forfeiture was time-barred under 19 U.S.C. § 1621 as to some of defendant properties.[1]  The government has filed its reply to Bishop's partial objection.

    Bishop does not contest that the defendants-in rem are subject to forfeiture.  He contends only that the government failed to bring its forfeiture action, as to those properties, within the time allowed under § 1621.  The government responds that because Bishop failed to raise the affirmative defense of the statute of limitations in his answer, he has waived the defense, and that the action is not time-barred.

---

    [1]A forfeiture judgment has been entered as to those properties that Bishop does not contest.

Federal Rule of Civil Procedure 8(c) requires that the affirmative defense of the statute of limitations be raised in a responsive pleading.  Failure to raise an affirmative defense as required in Rule 8(c) generally results in waiver of the defense.  See Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003); In re Cumberland Farms, Inc., 284 F.3d 216, 225 (1st Cir. 2002); United States v. Hitachi Am., Ltd., 172 F.3d 1319, 1333 (Fed. Cir. 1999); United States v. Real Prop. Located at 9917 Amazona Dr., 1999 WL 1940056, at *3 (W.D.N.C. Feb. 9, 1999).  The defendant bears the burden of proving application of the statute of limitations.  See United States v. Real Prop., 120 F.3d 947, 949 (9th Cir. 1997).

Bishop did not plead the affirmative defense of statute of limitations in his answer, nor do any of the exceptions to the requirement of Rule 8(c) apply here.  See Davignon, 322 F.3d at 15.  In addition, Bishop has not shown that the federal government had knowledge of his criminal activity beyond the limitations period.  See Real Prop., 120 F.3d at 949.  The government has provided persuasive evidence that it did not know of his criminal activity until 2001.  Therefore, the statute of limitations defense is not available to Bishop, but even if it were, it would be unavailing.

Conclusion
-----

For the foregoing reasons, the government's motion for summary judgment (document no. 84) is granted. The government's motion for clarification (document no. 91) is denied. All rights, title, and interests in the following defendants-in-rem are hereby condemned, forfeited, and vested in the United States of America pursuant to 21 U.S.C. § 881(a)(6), free from the claims of any other party:

> Land and buildings located at 5 Fox Street and 18 Bell Road Windham, New Hampshire, with all appurtenances and improvements thereon, owned by Timothy Bishop;
>
> Land and buildings located at 9-11 and 13 Harrison Street, Lowell, Massachusetts, with all appurtenances and improvements thereon, owned by Timothy Bishop;
>
> Land and buildings located at 36 Glenn Avenue, Chelmsford, Massachusetts, with all appurtenances and improvements thereon, owned by Timothy Bishop;
>
> A 1979 Porsche 911, VIN #9309899723, owned by Timothy Bishop;
>
> A 1987 Honda motorcycle VFR700F, VIN #JH2RC2629HM100273, owned by Timothy Bishop; and
>
> A 1942 Harley Davidson motorcycle, VIN #42UL1583, owned by Timothy Bishop.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

October 13, 2005
cc: Michael J. Sheehan, Esquire
    Jean B. Weld, Esquire